**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | |
|---|---|
| ANTONIO RUFFIN, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 5:24-cv-410 (MTT) |
| | ) |
| Warden JAMES C. SPANN, | ) |
| | ) |
| Respondent. | ) |
| | ) |

## ORDER

United States Magistrate Judge Amelia G. Helmick recommends granting

Respondent's motion to dismiss Petitioner Antonio Ruffin's petition for habeas corpus

pursuant to 28 U.S.C. § 2254. ECF 26. The Magistrate Judge also recommends that the

Court deny a certificate of appealability. *Id*. Petitioner objects. ECF 28.[1] Pursuant to 28

U.S.C. § 636(b)(1), the Court reviews de novo those portions of the Magistrate Judge's

Recommendation to which Petitioner objects.

The Magistrate Judge recommends dismissal on two grounds. First, the

Magistrate Judge recommends dismissing the petition as untimely. *See* ECF 26 at 5–

11. Second, the Magistrate Judge recommends dismissing the petition for failure to

state a claim. *See id.* at 11–12.

Petitioner objects to the Magistrate Judge's recommendation to dismiss his

petition as untimely because, he argues, extraordinary circumstances justify the

---

[1] Petitioner states he seeks vacatur or reconsideration of the Magistrate Judge's Recommendation. ECF 28 at 2. But because Petitioner's objection is dated January 19, 2026, within fourteen days of Petitioner's receipt of the Recommendation, the Court treats Petitioner's filing as a timely objection to the Recommendation. *See id.*; ECF 27.

application of equitable tolling.[2] "Equitable tolling of AEDPA's time bar is an extraordinary remedy limited to rare and exceptional circumstances and typically applied sparingly." *Thomas v. Att'y Gen., Fla.*, 795 F.3d 1286, 1291 (11th Cir. 2015) (citation modified). "A petitioner is entitled to equitable tolling only if he shows both '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way.'" *Id.* (quoting *Holland v. Fla.*, 560 U.S. 631, 649 (2010)).

Petitioner argues that he diligently pursued his rights, but extraordinary circumstances stood in his way. Petitioner states that he filed a state habeas petition in 2015, but that the state habeas clerk either lost or misplaced the petition. ECF 28 at 3–4. The record shows that Petitioner filed a form in 2015, which he claims was a proper habeas form, that was incorrectly filed in his criminal case. ECF 23-1 at 11. Petitioner then sent at least two letters, one in 2017 and one in 2018, attempting to contact the state court concerning the status of his petition. *See* ECF 23-3; ECF 23-5. He also says he hired attorneys to assist him. ECF 28 at 16. The record shows counsel entered an appearance in March 2023, and the Clerk of Court corrected Petitioner's filing. *Id.* at 4; ECF 23-1 at 11. Thus, nearly eight years elapsed between the time Petitioner attempted to file his petition and the time he remedied the misfiled petition. Given the length of the delay between Petitioner's initial attempt to file a habeas petition and corrective action, the Court cannot say Petitioner pursued his rights with reasonable diligence. *See Logreira v. Sec'y Dep't of Corr.*, 161 F. App'x 902, 904 (11th Cir. 2006) ("while [petitioner] provided evidence of his repeated attempts to contact the Florida appellate

---

[2] Petitioner does not object to the Magistrate Judge's conclusion that he is not entitled to statutory tolling. *See* ECF 28; ECF 26 at 6–8. The Court has reviewed this portion of the Magistrate Judge's Recommendation for clear error pursuant to 28 U.S.C. § 636(b)(1) and has found none.

court through mail, he did not show that he took any steps, other than mailing letters, to gain information concerning his petition").

Petitioner also objects to the Magistrate Judge's second reason for recommending dismissal—the petition fails to state a claim. ECF 28 at 10–13. Petitioner's habeas petition does not challenge his conviction or sentence. *See* ECF 9 at 15. Rather, Petitioner requests "[t]hat a new state habeas corpus be submitted and filed properly." *Id.* But under 28 U.S.C. § 2254, a petitioner can file a federal habeas challenge to a state court judgment "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." In other words, a defect in a state habeas proceeding, without more, provides no basis for federal habeas relief. *See Quince v. Crosby*, 360 F.3d 1259, 1262 (11th Cir. 2004); *Carroll v. Sec'y, Dep't of Corr.*, 574 F.3d 1354, 1365 (11th Cir. 2009) ("This Court has repeatedly held defects in state collateral proceedings do not provide a basis for habeas relief").

Having reviewed the Magistrate Judge's Recommendation and conducted a de novo review of those portions of the Recommendation to which Petitioner objects, the Court accepts and adopts the findings, conclusions, and recommendations of the Magistrate Judge. The Recommendation (ECF 26) is **ADOPTED** and made the Order of the Court. Respondent's motion to dismiss (ECF 11) is **GRANTED**. The Petition (ECF 1) is **DISMISSED without prejudice**. Moreover, a certificate of appealability is **DENIED**.

**SO ORDERED**, this 19th day of February, 2026.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT