**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | | |
|---|---|---|
| **ANTONIO RUFFIN,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO. 5:24-cv-410 (MTT)** |
| | ) | |
| **Warden JAMES C. SPANN,** | ) | |
| | ) | |
| **Respondent.** | ) | |
| | ) | |

## ORDER

Before the Court is Petitioner's motion to file an out-of-time objection to the Report and Recommendation the Court adopted on February 19, 2026. ECF 31. The Court **GRANTS** Petitioner's motion (ECF 31) and **VACATES** both the February 19, 2026 Order (ECF 29) and February 20, 2026 Judgment (ECF 30). Pursuant to 28 U.S.C. § 636(b)(1), the Court reviews de novo those portions of the Magistrate Judge's Recommendation to which Petitioner objects in the January 19, 2026, and March 27, 2026 objections. Following this review, the Court accepts and adopts the findings, conclusions, and recommendations of the Magistrate Judge.

### I.    BACKGROUND

On January 5, 2026, the Magistrate Judge entered a Recommendation of dismissal of Petitioner Antonio Ruffin's petition for habeas corpus pursuant to 18 U.S.C. § 2254 on two grounds. ECF 26. Petitioner was given fourteen days to object. *Id.* at 13. Petitioner apparently drafted an objection dated January 19, 2026 (ECF 28 at 19) and placed it in the mail on January 20, 2026. ECF 31 at 1. The postal service returned the

objection to Petitioner on February 3, 2026, because Petitioner placed an incorrect zip code on the envelope. *Id.* Petitioner then apparently mailed the Court another copy of the January 19, 2026, objection, which the Court docketed on February 9, 2026. ECF 28. As the Court explained in its February 19, 2026, Order adopting the Magistrate Judge's Recommendation to dismiss the petition, it considered Petitioner's objection to be timely filed because the objection is dated January 19, 2026. ECF 29 at 1 n.1. The Court reviewed de novo those portions of the Recommendation to which Petitioner objected. ECF 29.

Apparently, before Petitioner received the Court's February 19 Order, Petitioner filed a "motion for leave to file out-of-time objection to the magistrate judge's order and recommendation." ECF 31. On February 26, 2026, the Court informed Petitioner that it had already considered his objection, and the Court ordered Petitioner to file his out-of-time objection so the Court could determine if it was a different objection. ECF 33. The Court received no response. On March 18, 2026, the Court ordered Petitioner to file a copy of his objection no later than April 1, 2026. ECF 34. On April 7, 2026, the Court received Petitioner's objection dated March 27, 2026.[1] ECF 35.

## II.    DISCUSSION

United States Magistrate Judge Amelia G. Helmick recommends granting Respondent's motion to dismiss Petitioner Antonio Ruffin's petition for habeas corpus pursuant to 28 U.S.C. § 2254. ECF 26. The Magistrate Judge also recommends that the Court deny a certificate of appealability. *Id.* Petitioner objects. ECF 28; 35. Pursuant to

---

[1] In Petitioner's out-of-time objection, he refers to both Federal Rules of Civil Procedure 59(e) and 60. ECF 35 at 2, 13–14. The Court vacates its February 19 Order, and thus need not reconsider it.

28 U.S.C. § 636(b)(1), the Court reviews de novo those portions of the Magistrate Judge's Recommendation to which Petitioner objects.

The Magistrate Judge recommends dismissal on two grounds. First, the Magistrate Judge recommends dismissing the petition as untimely. *See* ECF 26 at 5–11. Second, the Magistrate Judge recommends dismissing the petition for failure to state a claim. *See id.* at 11–12. Petitioner objects to the Magistrate Judge's Recommendation to dismiss his petition as untimely because, he argues, extraordinary circumstances justify the application of equitable tolling.[2] "Equitable tolling of AEDPA's time bar is an extraordinary remedy limited to rare and exceptional circumstances and typically applied sparingly." *Thomas v. Att'y Gen., Fla.*, 795 F.3d 1286, 1291 (11th Cir. 2015) (citation modified). "A petitioner is entitled to equitable tolling only if he shows both '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way.'" *Id.* (quoting *Holland v. Fla.*, 560 U.S. 631, 649 (2010)).

Petitioner argues that he diligently pursued his rights, but extraordinary circumstances stood in his way. Petitioner states that he filed a state habeas petition in 2015, but that the state habeas clerk either lost or misplaced the petition. ECF 28 at 3–4, 7–9; 35 at 3–4, 7–9. Petitioner argues that "[t]he clerk's loss of [his] petition is a direct violation of [listed] statutes" and constitutes an extraordinary circumstance that prevented him from timely filing. ECF 28 at 11; 35 at 11. The record shows that Petitioner filed a form in 2015, which he claims was a proper habeas form, that was incorrectly filed in his criminal case. ECF 23-1 at 11. Petitioner then sent at least two

---

[2] Petitioner does not object to the Magistrate Judge's conclusion that he is not entitled to statutory tolling. *See* ECF 28; 26 at 6–8; 35. The Court has reviewed this portion of the Magistrate Judge's Recommendation for clear error pursuant to 28 U.S.C. § 636(b)(1) and has found none.

letters, one in 2017 and one in 2018, attempting to contact the state court concerning the status of his petition. *See* ECF 23-3; 23-5. He also says he hired attorneys to assist him. ECF 28 at 16; 35 at 16. The record shows counsel entered an appearance in March 2023, and the Clerk of Court corrected Petitioner's filing. ECF 28 at 4; 35 at 4; 23-1 at 11. Thus, nearly eight years elapsed between the time Petitioner attempted to file his petition and the time he remedied the misfiled petition. Given the length of the delay between Petitioner's initial attempt to file a habeas petition and corrective action, the Court cannot say Petitioner pursued his rights with reasonable diligence. *See Logreira v. Sec'y Dep't of Corr.*, 161 F. App'x 902, 904 (11th Cir. 2006) ("while [petitioner] provided evidence of his repeated attempts to contact the Florida appellate court through mail, he did not show that he took any steps, other than mailing letters, to gain information concerning his petition").

Petitioner also states that his confinement in "high maximum supervision" for eight years constituted an extraordinary circumstance. ECF 28 at 8–9; 35 at 8–9. He alleges that his only means of "contact was by writing letters," and his limited financial resources meant that he had to proceed pro se. ECF 28 at 9; 35 at 9. These circumstances are not sufficient to constitute exceptional circumstances that warrant equitable tolling. *Manborde v. Att'y Gen. Fla.*, 2024 WL 6998656, at *2 (11th Cir. Aug. 7, 2024) (The plaintiff's "*pro se* status does not excuse the untimely filing." (citing *Outler v. United States*, 485 F.3d 1273, 1282 n.4 (11th Cir. 2007))); *Jackson v. McLaughlin*, 2017 WL 4844624, at *2 (11th Cir. July 12, 2017) ("[R]estricted access to a law library, lock-downs, and solitary confinement do not qualify as extraordinary circumstances to warrant equitable tolling.").

-4-

Finally, Petitioner, rather cryptically, states that he has "proof Barry Debrow maliciously wasted Petitioner['s] time from 2021 through 2023 from the State Bar of Georgia State Disciplinary Board Docket No. 7945. Linda Sheffield had to retrieve Petitioner's legal documents in 2023." ECF 35 at 17. Petitioner does not explain who Barry Debrow is or what relationship he had to Petitioner or Petitioner's state habeas petition, and it is not clear what argument Petitioner is trying to make. *See id.* "Frivolous, conclusive, or general objections need not be considered by the district court." *United States v. Schultz*, 565 F.3d 1353, 1361 (11th Cir. 2009) (quoting *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988)). Petitioner's allegation that Mr. Debrow "maliciously wasted" his time is far too general to show any entitlement to equitable tolling.

Petitioner also objects to the Magistrate Judge's second reason for recommending dismissal—the petition fails to state a claim. ECF 28 at 10–13. Petitioner's habeas petition does not challenge his conviction or sentence. See ECF 9 at 15. Rather, Petitioner requests "[t]hat a new state habeas corpus be submitted and filed properly." *Id.* But under 28 U.S.C. § 2254, a petitioner can file a federal habeas challenge to a state court judgment "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." In other words, a defect in a state habeas proceeding, without more, provides no basis for federal habeas relief. *See Quince v. Crosby*, 360 F.3d 1259, 1262 (11th Cir. 2004); *Carroll v. Sec'y, Dep't of Corr.*, 574 F.3d 1354, 1365 (11th Cir. 2009) ("This Court has repeatedly held defects in state collateral proceedings do not provide a basis for habeas relief.").

-5-

### III.   CONCLUSION

The Court **GRANTS** Petitioner's motion for leave to file an out-of-time objection (ECF 31) and **VACATES** both the February 19, 2026 Order (ECF 29) and February 20, 2026 Judgment (ECF 30).

Having reviewed the Magistrate Judge's Recommendation and conducted a de novo review of those portions of the Recommendation to which Petitioner objects, the Court accepts and adopts the findings, conclusions, and recommendations of the Magistrate Judge. The Recommendation (ECF 26) is **ADOPTED** and made the Order of the Court.

Respondent's motion to dismiss (ECF 11) is **GRANTED**.

The Petition (ECF 1) is **DISMISSED** without prejudice.

A certificate of appealability is **DENIED**.

**SO ORDERED**, this 30th day of April, 2026.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT